IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Metzler Assett Management GmbH and Joseph Heinz, on behalf of themselves and all others similarly situated, | ) ) ) ) | C/A No. 3:18-505-MBS |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Gregory E. Aliff, James A. Bennett, John F.A.V. Cecil, Sharon A. Decker, D. Maybank Hagood, Lynne M. Miller, James W. Roquemore, Maceo K. Sloan, Alfredo Trujillo, Dominion Energy, Inc., and Sedona Corp., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs Metzler Asset Management GmbH and Joseph Heinz, on behalf of themselves and all others similarly situated, filed this shareholder class action complaint in the Richland County, South Carolina, Court of Common Pleas on February 8, 2018. Plaintiffs allege that Defendants Gregory E. Aliff; James A. Bennett; John F.A.V. Cecil; Sharon A. Decker; D. Maybank Hagood; Lynne M. Miller; James W. Roquemore; Maceo K. Sloan; and Alfredo Trujillo, as members of the Board of Directors of SCANA Corporation ("SCANA"), breached their fiduciary duties to the shareholders of SCANA in certain respects. Plaintiffs further allege that Defendants Dominion Energy, Inc. and Sedona Corp. aided and abetted the Board of Directors in breaching their fiduciary duties. Dominion Energy, Inc. and Sedona Corp. removed the action to this court on February 21, 2018, contending that the court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453 ("CAFA").

In two related actions, the court determined that removal is not proper under CAFA because Plaintiffs' allegations of aiding and abetting fall within the exception to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(9). As the court lacked subject matter jurisdiction, these actions were remanded to state court. See Firemen's Retirement Sys. of St. Louis v. Addison, C/A No. 3:18-501-MBS; City of Warren Police & Fire Retirement Sys. v. SCANA Corp., C/A No. 3:18-509-MBS. This matter now is before the court on Plaintiffs' motion to remand, which motion was filed on July 11, 2018.[1] See 28 U.S.C. § 1447(c). Plaintiffs contend that the court lacks subject matter jurisdiction for the reasons set forth in Firemen's Retirement System and City of Warren. The court agrees. As the court previously found, section 1332(d)(9) should be read to encompass Plaintiffs' aiding and abetting claims as "concerning" or "relating to" one or all of the exceptions to CAFA set forth therein.

The court is informed that Defendants do not intend to file a memorandum in opposition to Plaintiffs' motion, given the court's prior ruling. Plaintiffs' motion to remand (ECF No. 43) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 1, 2018

---

[1] Plaintiffs inadvertently included Jimmy E. Addison as a Defendant on the caption of their motion to remand.

2