# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| In re SCANA Corporation Public Shareholder Litigation, | Lead Case No. 3:18-CV-0505-MBS |
| This Document Relates To: | **DEFENDANT JIMMY ADDISON'S ANSWER AND DEFENSES TO THE SHAREHOLDER CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| ALL ACTIONS. | |

Defendant Jimmy Addison ("Mr. Addison"), by and through his undersigned counsel, responds as follows to the Shareholder Consolidated Amended Class Action Complaint, filed October 15, 2019 (the "Complaint") [ECF No. 75].

### FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE

Mr. Addison responds to the Complaint's enumerated paragraphs as follows:[1]

---

[1] To the extent the unnumbered paragraph preceding the Complaint's preliminary statement, *see* ECF No. 75 at 2, requires a response: Mr. Addison admits that Plaintiffs have brought this suit; he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph concerning the purported bases for Plaintiffs' claims; and he otherwise denies the allegations in that unnumbered paragraph. Additionally, to the extent any headings and subheadings in the Complaint constitute allegations of fact, Mr. Addison denies them.

1.     Mr. Addison admits that this action purports to arise from a nuclear reactor project and the Merger.  Mr. Addison otherwise denies the allegations in Paragraph 1 of the Complaint.

2.     Mr. Addison denies the allegations in Paragraph 2 of the Complaint.

3.     The Company's financial performance and stock price during the referenced time periods and the circumstances surrounding the construction and abandonment of the Nuclear Project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 3 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 3 of the Complaint.

4.     Mr. Addison admits the existence of certain criminal and civil investigations, regulatory actions, and shareholder lawsuits against SCANA and certain of its former directors and officers, but he is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 4 of the Complaint and, therefore, the allegations are denied.  The remaining allegations in Paragraph 4 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 4 of the Complaint.

5.     Mr. Addison admits SCANA and Dominion announced on January 3, 2018 that they had entered into the Merger Agreement.  Mr. Addison otherwise denies the allegations in Paragraph 5 of the Complaint.

6.     The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 6 of the Complaint that are inconsistent therewith.  The allegations in Paragraph 6 of the Complaint otherwise attempt to state legal conclusions, which do not require a response and, therefore, are denied.

7.     The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 7 of the Complaint that are inconsistent therewith.  The allegations in Paragraph 7 of the Complaint otherwise attempt to state legal conclusions, which do not require a response and, therefore, are denied.

8.     The terms of the Merger Agreement and the Company's stock price during the referenced time periods are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 8 of the Complaint that are inconsistent therewith.  The allegations in Paragraph 8 of the Complaint otherwise attempt to state legal conclusions, which do not require a response and, therefore, are denied.

9.     The circumstances surrounding the negotiation and agreement to recover costs from the Nuclear Project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 9 of the Complaint that are inconsistent therewith.  The allegations in Paragraph 9 of the Complaint otherwise attempt to state legal conclusions, which do not require a response and, therefore, are denied.

10.     The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 10 of the Complaint that are inconsistent therewith.  The allegations in Paragraph 10 of the Complaint otherwise attempt to state legal conclusions, which do not require a response and, therefore, are denied.

11.     The circumstances surrounding the dissemination, amendment, and effectiveness of the Proxy are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 11 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 11 of the Complaint.

12.     Mr. Addison denies the allegations in Paragraph 12 of the Complaint.

13.     Mr. Addison denies the allegations in Paragraph 13 of the Complaint.

14.     Mr. Addison denies the allegations in Paragraph 14 of the Complaint.

15.     Mr. Addison admits that Plaintiffs seek to recover purported damages for alleged breaches of fiduciary duty and other conduct.  Mr. Addison otherwise denies the allegations in Paragraph 15 of the Complaint.

16.     Mr. Addison admits that the Complaint purports to rely on the referenced jurisdictional provision but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, the allegations are denied.  The allegations in Paragraph 16 of the Complaint also attempt to state legal conclusions, which do not require a response and, therefore, are denied.

17.     Mr. Addison admits that the Complaint purports to rely on the referenced venue provision but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, the allegations are denied. The allegations in Paragraph 17 of the Complaint also attempt to state legal conclusions, which do not require a response and, therefore, are denied.

18.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, the allegations are denied.

19.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, the allegations are denied.

20.     Defendant Aliff's director service and compensation at SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 20 of

4

the Complaint that are inconsistent therewith. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Aliff's citizenship and residency and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant Bennett's director service and compensation at SCANA are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 21 of the Complaint that are inconsistent therewith. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Bennett's citizenship and residency and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant Cecil's director service and compensation at SCANA are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 22 of the Complaint that are inconsistent therewith. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Cecil's citizenship and residency and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant Decker's director service and compensation at SCANA are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 23 of the Complaint that are inconsistent therewith. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Decker's citizenship and residency and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 23 of the Complaint.

24.    Defendant Hagood's director service and compensation at SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 24 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Hagood's citizenship and residency and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 24 of the Complaint.

25.    Defendant Miller's director service and compensation at SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 25 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Miller's citizenship and residency and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 25 of the Complaint.

26.    Defendant Roquemore's director service and compensation at SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 26 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Roquemore's citizenship and residency and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 26 of the Complaint.

27.    Defendant Sloan's director service and compensation at SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 27 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Sloan's

citizenship and residency and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant Trujillo's director service and compensation at SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 28 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Trujillo's citizenship and residency and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 28 of the Complaint.

29.     Mr. Addison admits he is a citizen of South Carolina.  Mr. Addison's employment history and compensation at SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 29 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 29 of the Complaint.

30.     Mr. Addison admits the allegations in Paragraph 30 of the Complaint.

31.     The referenced business and affairs of Dominion are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 31 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 31 of the Complaint.

32.     Mr. Addison admits that, following the Merger, SCANA became a wholly-owned subsidiary of Dominion.  The allegations in Paragraph 32 of the Complaint otherwise are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 32 of the Complaint that are inconsistent therewith.

33.     Mr. Byrne's employment history and compensation at SCANA and SCE&G are matters of public record and speak for themselves.  Mr. Addison denies any allegations in

Paragraph 33 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 33 of the Complaint.

34.    Mr. Marsh's director service, employment history, and compensation at SCANA and SCE&G are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 34 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 34 of the Complaint.

35.    Mr. Addison admits that Plaintiffs purport to bring this action individually and as a class action on behalf of certain SCANA shareholders.  Mr. Addison otherwise denies the allegations in Paragraph 35 of the Complaint.

36.    The Proxy Statement is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 36 of the Complaint that are inconsistent therewith.  The allegations in Paragraph 36 of the Complaint otherwise attempt to state legal conclusions, which do not require a response and, therefore, are denied.

37.    The allegations in Paragraph 37 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

38.    The allegations in Paragraph 38 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

39.    The allegations in Paragraph 39 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

40.    The allegations in Paragraph 40 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

41.    The allegations in Paragraph 41 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

42.     The allegations in Paragraph 42 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

43.     Mr. Addison denies the allegations in Paragraph 43 of the Complaint.

44.     Mr. Addison denies the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

46.     The allegations in Paragraph 46 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

47.     The referenced history and background of SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 47 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 47 of the Complaint.

48.     The referenced history and background of SCANA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 48 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 48 of the Complaint.

49.     The public announcements and the circumstances surrounding the construction of the Nuclear Project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 49 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 49 of the Complaint.

50.     The circumstances surrounding the passage of the BLRA and the terms of the BLRA are matters of public record and speak for themselves.  Mr. Addison denies any allegations

in Paragraph 50 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 50 of the Complaint.

51.     The terms of the BLRA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 51 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 51 of the Complaint.

52.     The circumstances surrounding the passage of the BLRA are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 52 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 52 of the Complaint.

53.     The circumstances surrounding the passage of the BLRA and the referenced article in The State, political contributions, and lobbying expenditures are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 53 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 53 of the Complaint.

54.     The circumstances surrounding the referenced application to the Nuclear Regulatory Commission are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 54 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning SCANA's expectation of the length of the review process and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 54 of the Complaint.

55.     The referenced announcement is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 55 of the Complaint that are inconsistent therewith.

Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 to Paragraph 55 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 55 of the Complaint.

56.     The circumstances surrounding the referenced application and SCANA's statements related thereto are matters of public record and speak for themselves.  Mr. Addison denies the allegations in Paragraph 56 of the Complaint to the extent they are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 56 of the Complaint.

57.     The circumstances surrounding the approval of the Nuclear Project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 57 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 57 of the Complaint.

58.     The referenced press release is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 58 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 58 of the Complaint.

59.     The circumstances surrounding the construction of the Nuclear Project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 59 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 59 of the Complaint.

60.     The circumstances surrounding the construction of the Nuclear Project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 60 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 60 of the Complaint.

61.     The referenced South Carolina House Committee hearing and the circumstances surrounding the construction of the Nuclear Project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 61 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 61 of the Complaint.

62.     The circumstances surrounding the construction of the Nuclear Project and the referenced communications speak for themselves.  Mr. Addison denies any allegations in Paragraph 62 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 62 of the Complaint.

63.     The referenced earnings call is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 63 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 63 of the Complaint.

64.     The referenced letter speaks for itself.  Mr. Addison denies any allegations in Paragraph 64 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 64 of the Complaint.

65.     The referenced letter and its publication in The Post and Courier speak for themselves.  Mr. Addison denies any allegations in Paragraph 65 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 65 of the Complaint.

66.     The referenced letter speaks for itself.  Mr. Addison denies any allegations in Paragraph 66 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 66 of the Complaint.

67. The referenced letter speaks for itself. Mr. Addison denies any allegations in Paragraph 67 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 67 of the Complaint.

68. The referenced article in The Post and Courier and letter speak for themselves. Mr. Addison denies any allegations in Paragraph 68 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 68 of the Complaint.

69. Mr. Addison admits SCANA and Santee Cooper hired Bechtel and that Bechtel was paid approximately $1 million. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69 of the Complaint and, therefore, the allegations are denied.

70. The circumstances surrounding the construction of the Nuclear Project are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 70 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 70 of the Complaint.

71. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the receipt and contents of the Bechtel Report and, therefore, the allegations are denied. The remaining allegations in Paragraph 71 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

72. The referenced article in The State is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 72 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 72 of the Complaint.

73. The referenced voicemail and the circumstances surrounding Walker's resignation from the Company are matters of public record and speak for themselves. Mr. Addison denies any

allegations in Paragraph 73 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 73 of the Complaint.

74.     The referenced stock sales and their value relative to the Merger Consideration are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 74 of the Complaint, and in footnote 2 to Paragraph 74 of the Complaint, that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 74 of the Complaint and footnote 2.

75.     The referenced letter speaks for itself.  Mr. Addison denies any allegations in Paragraph 75 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 75 of the Complaint.

76.     The referenced earnings call speaks for itself.  Mr. Addison denies any allegations in Paragraph 76 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 76 of the Complaint.

77.     The referenced earnings call speaks for itself.  Mr. Addison denies any allegations in Paragraph 77 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 77 of the Complaint.

78.     The referenced video speaks for itself.  Mr. Addison denies any allegations in Paragraph 78 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 78 of the Complaint.

79.     The referenced earnings call speaks for itself.  Mr. Addison denies any allegations in Paragraph 79 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 79 of the Complaint.

80.      The referenced earnings call speaks for itself.  Mr. Addison denies any allegations in Paragraph 80 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 80 of the Complaint.

81.      The referenced article in The State and email speak for themselves.  Mr. Addison denies any allegations in Paragraph 81 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 81 of the Complaint.

82.      Westinghouse's bankruptcy filing is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 82 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 82 of the Complaint.

83.      The referenced statements and presentation to the PSC are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 83 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 83 of the Complaint.

84.      Information regarding the compensation of SCANA's former executives is set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 84 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 84 of the Complaint.

85.      Information regarding the compensation of SCANA's former executives is set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 85 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 85 of the Complaint.

86.      Mr. Addison denies the allegations in Paragraph 86 of the Complaint.

87.     The referenced announcement speaks for itself.  Mr. Addison denies any allegations in Paragraph 87 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 87 of the Complaint.

88.     The events referenced in Paragraph 88 of the Complaint are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 88 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 88 of the Complaint.

89.     The referenced South Carolina House Committee hearing is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 89 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of the Bechtel Report and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 89 of the Complaint.

90.     The release of the Bechtel Report and the referenced South Carolina House Committee hearing are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 90 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 90 of the Complaint.

91.     The referenced announcement is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 91 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 91 of the Complaint.

92.     The Company's stock price during the referenced time periods is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 92 of the Complaint

that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 92 of the Complaint.

93.     The referenced press release and proposal speak for themselves.  Mr. Addison denies any allegations in Paragraph 93 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 93 of the Complaint.

94.     The referenced statements are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 94 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 94 of the Complaint.

95.     Mr. Addison admits that certain consumer and securities class actions and derivative actions have been filed in connection with the Nuclear Project.  The subpoena and government's communications are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 95 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 95 of the Complaint.

96.     The actions and events referenced in Paragraph 96 of the Complaint are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 96 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 96 of the Complaint.

97.     The referenced lawsuits and settlement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 97 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 97 of the Complaint.

98.     The referenced lawsuits and proceedings are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 98 of the Complaint that are

inconsistent therewith.  The allegations in the last sentence of Paragraph 98 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 98 of the Complaint.

99.    The referenced derivative actions and proceedings are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 99 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 99 of the Complaint.

100.    The referenced derivative actions and proceedings are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 100 of the Complaint, and footnote 3 to Paragraph 100 of the Complaint, that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 100 of the Complaint and footnote 3.

101.    The referenced derivative actions and proceedings are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 101 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 101 of the Complaint.

102.    The referenced testimony speaks for itself.  Mr. Addison denies any allegations in Paragraph 102 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 102 of the Complaint.

103.    The testimony, filings, and ORS findings are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 103 of the Complaint, and footnote 4 to Paragraph 103 of the Complaint, that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 103 of the Complaint and footnote 4.

104.    The referenced testimony is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 104 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 104 of the Complaint.

105.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 105 of the Complaint, and footnote 5 to Paragraph 105 of the Complaint, that are inconsistent therewith.  The remaining allegations in Paragraph 105 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore are denied.  Mr. Addison otherwise denies the allegations in Paragraph 105 of the Complaint and footnote 5.

106.    The referenced proceedings are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 106 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 106 of the Complaint.

107.    The closing of the Merger and the referenced proceedings are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 107 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 107 of the Complaint.

108.    The referenced retirement announcements, Marsh's and Byrne's compensation, and the terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 108 of the Complaint that are inconsistent therewith. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the lack of discussion of a potential clawback of Marsh's and Byrne's compensation and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 108 of the Complaint.

109.    Mr. Addison denies the allegations in Paragraph 109 of the Complaint.

110.    Mr. Addison denies the allegations in the first sentence of Paragraph 110 of the Complaint.  The remaining allegations in Paragraph 110 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 110 of the Complaint.

111.    Mr. Addison denies the allegations in Paragraph 111 of the Complaint.

112.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 112 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 112 of the Complaint.

113.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 113 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 113 of the Complaint.

114.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 114 of the Complaint that are inconsistent therewith.

115.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 115 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 115 of the Complaint.

116.    The circumstances surrounding the abandonment of the Nuclear Project, SCANA's stock price during the referenced time period, and the sale process leading up to the Merger are

matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 116 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 116 of the Complaint.

117.    The referenced announcements are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 117 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 117 of the Complaint.

118.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 118 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 118 of the Complaint.

119.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 119 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 119 of the Complaint.

120.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 120 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 120 of the Complaint.

121.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 121 of the Complaint that are inconsistent therewith.  The allegations in the last sentence of Paragraph 121 of the Complaint also attempt to state legal conclusions, which

do not require a response and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 121 of the Complaint.

122.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 122 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 122 of the Complaint.

123.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 123 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 123 of the Complaint.

124.    The Merger consideration is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 124 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 124 of the Complaint.

125.    The Merger consideration and the referenced PSC ruling are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 125 of the Complaint that are inconsistent therewith.   The allegations in the last sentence of Paragraph 125 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 125 of the Complaint.

126.    The referenced article in the Analyst Journal and price targets are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 126 of the Complaint that are inconsistent therewith.  The allegations in the last sentence of Paragraph 126 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 126 of the Complaint.

127.    The referenced article in The Wall Street Journal is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 127 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 127 of the Complaint.

128.    The referenced article in Bloomberg Gadfly and the Merger consideration are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 128 of the Complaint that are inconsistent therewith Mr. Addison otherwise denies the allegations in Paragraph 128 of the Complaint.

129.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Merger's impact on Dominion's operations and financial performance and, therefore, the allegations are denied.  The allegations in the last sentence of Paragraph 129 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 129 of the Complaint.

130.    The Proxy is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 130 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 130 of the Complaint.

131.    The referenced article in The Post and Courier and the Proxy are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 131 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 131 of the Complaint.

132.    The referenced article in The Post and Courier and the sales process and events leading up to the Merger are matters of public record and speak for themselves.  Mr. Addison

denies any allegations in Paragraph 132 of the Complaint that are inconsistent therewith. Mr. Addison denies the allegations in the last sentence of Paragraph 132 of the Complaint. Mr. Addison otherwise denies the allegations in Paragraph 132 of the Complaint.

133.    The referenced PSC testimony and proceedings are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 133 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 133 of the Complaint.

134.    The sales process and events leading up to the Merger are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 134 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 134 of the Complaint.

135.    The referenced article in The State is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 135 of the Complaint that are inconsistent therewith. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 135 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 135 of the Complaint.

136.    The Proxy and the sales process and events leading up to the Merger are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 136 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 136 of the Complaint.

137.    Mr. Addison denies the allegations in Paragraph 137 of the Complaint.

138.     Information regarding the compensation of SCANA's former executives is set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 138 of the Complaint, and footnote 6 to Paragraph 138 of the Complaint, that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 138 of the Complaint and footnote 6.

139.     Information regarding the compensation of SCANA's former executives is set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 139 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 139 of the Complaint.

140.     Information regarding the compensation of SCANA's former executives is set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 140 of the Complaint, and footnote 7 to Paragraph 140 of the Complaint, that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 140 of the Complaint and footnote 7.

141.     The terms of the Merger Agreement and information regarding the compensation of SCANA's former executives are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 141 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 141 of the Complaint.

142.     Mr. Addison admits that he retired on February 1, 2019.  The Proxy and information regarding the compensation of SCANA's former executives are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 142 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 142 of the Complaint.

143.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 143 of the Complaint that are inconsistent therewith.  The allegations in Paragraph 143 of the Complaint otherwise attempt to state legal conclusions, which do not require a response and, therefore, are denied.

144.    Mr. Addison denies the allegations in Paragraph 144 of the Complaint.

145.    Mr. Addison denies the allegations in Paragraph 145 of the Complaint.

146.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 146 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 146 of the Complaint.

147.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 147 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 147 of the Complaint.

148.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 148 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 148 of the Complaint.

149.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 149 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 149 of the Complaint.

150.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 150 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 150 of the Complaint.

151.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 151 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 151 of the Complaint.

152.    The referenced article in The State is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 152 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 152 of the Complaint.

153.    The terms of the Merger Agreement and the referenced PSC decision are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 153 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 153 of the Complaint.

154.    Mr. Addison denies the allegations in the first sentence of Paragraph 154 of the Complaint.  The remaining allegations reference the terms of the Merger Agreement, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 154 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 154 of the Complaint.

155.    The terms of the Merger Agreement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 155 of the Complaint that are

inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 155 of the Complaint.

156.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the lack of action taken by Dominion against SCANA executives and directors and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 156 of the Complaint.

157.     Mr. Addison denies the allegations in Paragraph 157 of the Complaint.

158.     The contents of the Proxy and its filing date are set forth in SCANA's SEC filings, which are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 158 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 158 of the Complaint.

159.     Mr. Addison denies the allegations in Paragraph 159 of the Complaint.

160.     Mr. Addison denies the allegations in Paragraph 160 of the Complaint.

161.     Mr. Addison admits that Plaintiffs seek purported damages for themselves and on behalf of a putative class.  Mr. Addison otherwise denies the allegations in Paragraph 161 of the Complaint.

162.     Mr. Addison readopts and re-alleges his responses to the allegations set forth above with the same force and effect as if fully set forth herein.

163.     Mr. Addison denies the allegations in Paragraph 163 of the Complaint.

164.     The allegations in Paragraph 164 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

165.     Mr. Addison denies the allegations in Paragraph 165 of the Complaint.

166.     Mr. Addison denies the allegations in Paragraph 166 of the Complaint.

167.    Mr. Addison denies the allegations in Paragraph 167 of the Complaint.

168.    The allegations in Paragraph 168 of the Complaint attempt to state legal conclusions, which do not require a response and, therefore, are denied.

FOR A THIRD DEFENSE

To the extent not expressly and specifically admitted above, Mr. Addison denies any and all allegations in the Complaint.

FOR A FOURTH DEFENSE

This action is not maintainable to the extent Plaintiffs have failed to make a demand on the SCANA Board of Directors or satisfy the pleading requirements of demand futility.

FOR A FIFTH DEFENSE

This action, in whole or in part, is not properly maintainable as a class action under Fed. R. Civ. P. 23.

FOR A SIXTH DEFENSE

Plaintiffs and the putative class cannot meet their burden of proving the essential elements of a claim for breach of fiduciary duty against Mr. Addison.

FOR A SEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by the business judgment rule because Mr. Addison acted at all times in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner he reasonably believed to be in the best interests of SCANA.

FOR AN EIGHTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the actions of Mr. Addison were not the direct or proximate cause of any harm to Plaintiffs.

## FOR A NINTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because they cannot prove they have suffered any damages.

## FOR A TENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the damages allegedly suffered (which Mr. Addison contends there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Mr. Addison had no control and for whom Mr. Addison is not liable.

## FOR AN ELEVENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Mr. Addison relied in good faith upon the corporate records and on the information, opinions, and statements of corporate officers and employees, and/or professionals and experts hired by SCANA.

## FOR A TWELFTH DEFENSE

Some or all of Plaintiffs' purported claims and those of the putative class are barred by the doctrines of assumption of risk and/or the applicable statutes of limitations or repose.

## FOR A THIRTEENTH DEFENSE

Plaintiffs lack standing to prosecute this action because their ownership of SCANA stock ceased with Dominion Energy's acquisition of SCANA on January 2, 2019.

## FOR A FOURTEENTH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees in this action.

## FOR A FIFTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the decision to prosecute this action has not yet been made by the Board of Directors of SCANA.

## FOR A SIXTEENTH DEFENSE

Any recovery by Plaintiffs and the putative class against Mr. Addison would constitute unjust enrichment.

## FOR A SEVENTEENTH DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

## FOR AN EIGHTEENTH DEFENSE

The purported claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

## FOR A NINETEENTH DEFENSE

The allegations in the Complaint are barred by the doctrine of shareholder ratification, as well as any related principles of waiver, estoppel, laches or acquiescence. As set forth in the Defendants' briefs in support of their motion to dismiss, the Merger was ratified by a supermajority of SCANA's shareholders who made a fully informed and uncoerced vote in favor of the Merger.

## FOR A TWENTIETH DEFENSE

To the extent that the allegations in the Complaint are premised on injuries allegedly suffered by SCANA, any claims seeking to remedy such injuries are derivative in character and cannot be asserted in this proceeding.

## FOR A TWENTY-FIRST DEFENSE

To the extent that Plaintiffs seek to assert derivative claims belonging to SCANA, their claims are barred by principles of res judicata and collateral estoppel.

<u>FOR A TWENTY-SECOND DEFENSE</u>

Additional facts that are currently unknown to Mr. Addison may be revealed through the course of discovery and further investigation that will support additional defenses.  Mr. Addison reserves the right to assert such defenses in the future.

<u>FOR A TWENTY-THIRD DEFENSE</u>

Mr. Addison incorporates by reference as if fully set forth herein any defense, not otherwise expressly set forth herein, that is or will be pleaded by any other individual Defendant in this action.

<u>JURY TRIAL DEMAND</u>

Mr. Addison respectfully requests a trial by jury on any issue so triable to the extent the claims are not dismissed prior to trial.

WHEREFORE, Mr. Addison respectfully requests that this Court dismiss the Complaint against him with prejudice, that he be awarded all costs and fees expended on his behalf, including attorneys' fees and other expenses, and that he be afforded such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated: May 27, 2020                    ROE CASSIDY COATES & PRICE P.A.


*/s/* William A. Coates
William A. Coates
1052 North Church Street
Post Office Box 10529
Greenville, SC 29603
Tel: 864-349-2600
Fax: 864-349-0303
wac@roecassidy.com

ALSTON & BIRD
John A. Jordak, Jr. (*pro hac vice*)
john.jordak@alston.com
Meredith J. Kingsley (*pro hac vice*)
meredith.kingsley@alston.com
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel:  404-881-7000
Fax:  404-881-7777

***Counsel for Defendant Jimmy Addison***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2020, I electronically filed the foregoing Defendant Jimmy Addison's Answer and Defenses to the Shareholder Consolidated Amended Class Action Complaint with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.


/s/ William A. Coates
William A. Coates