IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| In re SCANA Corporation Public Shareholder Litigation | ) ) ) | C/A No. 3:18-505 |

This consolidated class action complaint involves the abandoned nuclear power facility at the V.C. Summer Nuclear Generating Station in Fairfield County, South Carolina. Plaintiffs Metzler Asset Management GmbH ("Metzler") and City of Warren Police and Fire Retirement System ("Warren") (collectively, "Plaintiffs") are former shareholders of SCANA Corporation ("SCANA"). Plaintiffs filed an amended complaint on October 15, 2019, alleging direct claims against former members of SCANA's Board of Directors and its former Chief Executive Officer who were serving at the time of SCANA's agreement to merge with Dominion Energy, Inc. ("Dominion"). Plaintiffs alleged that Defendants acted in bad faith by, among other things, overseeing, sanctioning, and participating in the grossly mismanaged nuclear project; purposefully concealing material information about the nuclear project, including findings of the Bechtel Reports, from regulators and the public, in violation of state and federal law; consciously disregarding the many red flags related to the nuclear project's inevitable failure; failing to maintain proper internal controls; and accepting incentive compensation tied to their management of the project. When the conduct was revealed, SCANA's stock dropped from $65.97 a share on July 31, 2017, to $38.86 on January 2, 2018, the day before a merger between SCANA and Dominion was announced. According to Plaintiffs, this decline of 41% wiped out $3.8 billion in shareholder equity.

Plaintiffs allege that Defendants undertook a flawed sales process in order to escape personal liability for their wrongdoing by selling SCANA as quickly as possible for an inadequate price. As

a result of the merger agreement, Defendants were indemnified for their acts as officers and directors of the company.  Plaintiffs contend that Defendants lacked bargaining power to extract a fair price for shareholders because Dominion had the right to walk away from the merger if there was any change to South Carolina law that prevented SCANA from recovering the remaining $3.3 billion needed to pay for the outstanding costs of the failed project.  Dominion and SCANA negotiated with regulators and legislators to secure an agreement for Dominion to recover $2.5 billion of the cost of the failed nuclear project from ratepayers.  Plaintiffs contend this money should have inured to their benefit.

Plaintiffs further allege that, on January 2, 2019, the date the merger closed, the 0.669 exchange ratio represented an implied price per share of $47.62, compared to the July 31, 2017 per share value of $64.37.  Plaintiffs contend they were harmed by at least $4.9 billion, representing $2.5 billion recovered from ratepayers and $2.4 billion undervalued stock.  Plaintiffs allege that each Defendant breached his or her fiduciary duties owed to Plaintiffs and the rest of SCANA's public shareholders and committed inseparable fraud by, among other things, (1) using the merger to escape monetary liability for his or her fraudulent cover up of the failed project; (2) prioritizing significant personal benefits above obtaining the best possible price for SCANA stockholders; (3) fire-selling SCANA for insufficient consideration; (4) adopting preclusive deal protection devices that prevented any alternative bidder from surfacing; and (5) failing to conduct an appropriate sale process.  According to Plaintiffs, Defendants "initiated a process to sell SCANA that vastly undervalued the Company in order to extinguish derivative claims and shield themselves from legal and regulatory liability for their fraudulent misconduct."  ECF No. 75, 51.

On November 14, 2019, Defendants filed a motion to dismiss for failure to state a claim

under Fed. R. Civ. P. 12(b)(6).  Defendants asserted that SCANA provided all relevant information

to shareholders in a 142-page proxy statement issued on June 15, 2018.  According to Defendants,

the proxy statement included detailed disclosures about matters underlying the alleged breaches of

fiduciary duty.  Defendants contended that the proxy statement disclosed Defendants' potential

liability for the merger as well as personal benefits inuring to Defendants, such as an indemnity and

hold harmless clause in the merger agreement that shielded Defendants from liabilities at or before

the effective date of the merger.  Defendants asserted that SCANA's shareholders ratified any

alleged breaches by approving the merger in a fully informed, uncoerced vote.  Defendants also

asserted that their actions were protected under the business judgment rule and that many of the

actions Plaintiffs describe in the amended complaint as bad faith breaches of fiduciary duty are

customary and reasonable in the merger context.  Defendants further argued that Plaintiffs'

inseparable fraud claims are derivative allegations that have no place in a direct action.

Plaintiffs, relying on  Arkansas Teacher Retirement System v. Caiafa, 996 A.2d 321(Del.

2010),  In re Saba Software, Inc. Stockholder Litigation, No. 10697-VCS, 2017 WL 1201108 (Del.

Ch. Apr. 11, 2017), and In re Primedia, Inc. Shareholders Litigation, 67 A.3d 455 (Del. Ch. 2013),

argued that they stated a direct claim because the breach of fiduciary duty arose from the conduct of

Defendants during the sales process and in recommending the merger to the stockholders.

Defendants in rebuttal cited to In re Massey Energy Co. Derivative & Class Action Litigation, 160

A.3d 484, 502 (Del. Ch. 2017), for the proposition that Plaintiffs' inseparable fraud claim is properly

construed as a derivative claim because the allegations involve misconduct that harmed SCANA.

The court held a telephonic hearing on April 29, 2020.  After hearing arguments from both

parties, the court noted that the dispositive issues are whether Defendants negotiated the merger in

bad faith and in breach of their duty of loyalty to Plaintiffs, and whether Defendants manipulated the merger process with an attempt to avoid accountability. The court concluded that Plaintiffs' allegations stated a plausible claim for relief under the inseparable fraud doctrine. The court therefore denied Defendants' motion to dismiss.

This matter now is before the court on motion to intervene as nominal Defendant filed by SCANA on May 27, 2020. Plaintiffs filed a response in opposition on June 10, 2020, to which SCANA filed a reply on June 17, 2020. SCANA contends that Plaintiffs' inseparable fraud claims are derivative claims that belong to SCANA. In essence, SCANA asks the court to reconsider its ruling regarding inseparable fraud as a direct action to allow SCANA to protect its interests as a nominal Defendant in a derivative action.

### DISCUSSION

SCANA moves pursuant to Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) provides:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

. . . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A party seeking to intervene as of right must meet four requirements: the intervenor must (1) submit a timely motion to intervene; (2) demonstrate a "direct and substantial interest" in the property or transaction at issue; (3) prove that the interest would be impaired if intervention was not allowed; and (4) establish that the interest is inadequately represented by existing parties. Richman v. First Woman's Bank, 104 F.3d 654, 659 (4th Cir. 1997).

SCANA contends that Plaintiffs' inseparable fraud claims are not direct claims, but derivative claims such that SCANA has an interest in this litigation warranting intervention as a nominal defendant. SCANA contends that it has a legitimate and cognizable interest in determining whether to pursue legal claims that belong to it as a corporation. The court disagrees.

An inseparable fraud claim "is well-described as a cause of action where 'directors cover massive wrongdoing with an otherwise permissible merger.' Arkansas Teacher Ret. Sys. v. Caiafa, 996 A.2d 321, 323 (Del. 2010). As such, the focus is not so much on the merits of the merger, but whether wrongful activity necessitated it." Calif. State Ret. Sys. v. Blankenship, 814 S.E.2d 549, 641 n.2 (Ct. App. W. Va. 2018) (applying Delaware law) (Workman, C.J. dissenting, joined by Tabit, J.). "[I]n order to state a claim of inseparable fraud, a plaintiff must plead facts from which it would be reasonably conceivable that (1) a defendant engaged in serious misconduct before a merger that constitutes a direct claim and (2) the merger must have been 'necessitated' or made 'inevitable' by that misconduct. The first issue turns on the application of the Tooley [v. Donaldson, Lufkin, & Jenrette, Inc., 845 A.2d 1031 (Del. 2004)] test. The second issue is one of causation." In re Massey Energy Co. Derivative and Class Action Litig., 160 A.3d 484, 502 (Del. Ch. 2017). Under Tooley, "a court should look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." 845 A.2d at 2039.

In this case, Plaintiffs allege that Defendants owed them a duty to obtain the highest value reasonably available for the corporation's public shareholders as the result of a change in corporate control. Specifically, Plaintiffs allege that Defendants were obligated not to take actions that could

5

adversely affect the value of the assets provided to Plaintiffs; unnecessarily discourage or inhibit alternative offers to purchase control of SCANA or its assets; contractually prohibit themselves from complying with their fiduciary duties; adversely affect their duty to search for and secure the best value reasonably available under the circumstances for Plaintiffs; and provide Defendants with preferential treatment at the expense of, or separate from, Plaintiffs. ECF No. 75, ¶ 41. Plaintiffs contend the substantial liability Defendants faced in numerous regulatory and legal proceedings because of their well-documented wrongful misconduct caused Defendants to pursue the merger in an attempt to cover up that wrongdoing and to absolve themselves of liability. Id. ¶ 110. Plaintiffs contend Defendants deprived Plaintiffs of the value of their investment in SCANA. Id. ¶ 163. If true, Plaintiffs' claims constitute direct claims against Defendants.

The court found at the hearing on the motion to dismiss, and still finds, that Plaintiffs' allegations are supported by sufficient facts to state a plausible claim for relief under the Rule 12(b)(6) standard set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2008), and Bell Atlantic v. Twombly, 550 U.S. 544 (2007). SCANA's motion to intervene (ECF No. 117) is **denied**.

   **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 28, 2020