# EXHIBIT A

**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

David T. Wissbroecker
dwissbroecker@rgrdlaw.com

November 5, 2020

<u>VIA EMAIL</u>

Jonathan R. Chally
KING & SPALDING LLP
1180 Peachtree Street, N.E., Suite 1600
Atlanta, GA 30309
jchally@kslaw.com

Re:     *In re SCANA Corp.*, No. 20-1954 (4th Cir.)

Dear Mr. Chally:

We write to propose a resolution to your client's appeal. We note at the outset that the Court of Appeals probably does not have jurisdiction over your client's appeal. Your client is seeking to intervene to pursue potential derivative claims related to the failed nuclear project. Even if the Court of Appeals agrees that Judge Seymour erred in concluding Plaintiffs' inseparable fraud claims were direct and not derivative, Judge Seymour has separately decided, in a final, non-appealable order, that any of the derivative claims your client contends to have an interest in properly belong to Dominion and not your client. *See In re SCANA Corp. Derivative Litig.*, No. CV 3:17-3166-MBS, 2019 WL 4162377, at *3 (D.S.C. Sept. 3, 2019). Thus, even if permitted to intervene on this basis, your client would have no interest to pursue. Thus there is no case or controversy, and accordingly no jurisdiction. *See Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983) ("To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented."); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence.").

Putting that to one side, although our position remains (and Judge Seymour correctly held) that SCANA has no interest in the present litigation, at this point we are willing to consent to allowing your client to permissively intervene under Fed. R. Civ. P 24(b) and participate in this action. Your client is already participating in discovery, and this would allow your client to protect any other interest it thinks it may have. Our only condition is that your client does not file any motions that duplicate any previous motions that Judge Seymour has already ruled upon. We note that, by making this offer, we have rendered your appeal moot, regardless if you accept it or not.

Robbins Geller
Rudman & Dowd LLP

Jonathan R. Chally
November 5, 2020
Page 2

*W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D. W. Va. 2001) ("Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action.") (citing 13A *Federal Practice and Procedure* §3533.2).

Very truly yours,

DAVID T. WISSBROECKER

cc:  Lawrence Eagel
     Scott Greene
     Michael Carey,
     John Bielema
     Barbara Smith
     William Coates
     John Jordak
     Meredith Kingsley
     Andrew Mathias