# EXHIBIT B

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Jonathan R. Chally
Direct Dial: +1 404 572 4673
Direct Fax: +1 404 572 5100
jchally@kslaw.com

**VIA E-MAIL**

November 16, 2020

David T. Wissbroecker
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

    Re: *In re SCANA Corp.*, No. 20-1954 (4th Cir.)

Dear David,

    I am following up on our discussion, held late in the afternoon on Friday, November 13, regarding your November 5, 2020 letter. The point of that discussion, from my perspective, was to explore with you whether Plaintiffs could in fact secure the relief SCANA seeks in its pending appeal to the Fourth Circuit. As I described to you during that call, and as described further below, Plaintiffs' offer to consent to a hypothetical motion seeking qualified intervention in the district court does not come close to offering, let alone providing, the relief SCANA pursued at the district court in this case and is pursuing on appeal. Rather than engaging on that topic, or working to explore whether there could be a meaningful resolution to the appeal, you used the time to make baseless claims regarding alleged securities fraud violations. You claimed that SCANA's position in this case—that it has an interest in any derivative claims against former SCANA officers and directors, including the inseparable fraud claims Plaintiffs assert in this case—is inconsistent with unspecified statements made in Dominion Energy's SEC filings. Your November 5 letter does not assert this position, so it appears you confused the passing references to "Dominion" in an order by Judge Seymour in a separate action, *see In re SCANA Corp. Derivative Litig.*, No. CV 3:17-3166-MBS, 2019 WL 4162377, at *3 (D.S.C. Sept. 3, 2019), for statements made by Dominion in SEC filings. They are not the same thing.

    To the extent you intended to reference the Proxy Statement SCANA issued in connection with the merger, as Plaintiffs referenced in opposition to SCANA's motion to intervene in the district court, SCANA there said only that the derivative claims asserted in certain matters then pending "would become controlled by Dominion Energy after the merger." Proxy Statement, p. 23. That statement acknowledges the fact that Dominion was expected to be, and is now,

November 16, 2020
Page 2

SCANA's sole shareholder and, as such, "controls" the assets that its subsidiaries, like SCANA, own. The statement does not in any way conflict with SCANA's position in this case that it is the rightful owner of any pre-merger derivative claims against SCANA's former executives or directors. It is no basis for an alleged securities fraud violation as a result.

Your November 5th letter offers that Plaintiffs will consent to permissive intervention by SCANA in the district court under Federal Rule of Civil Procedure 24(b), provided that SCANA "does not file any motions that duplicate any previous motions that Judge Seymour has already ruled upon." Nov. 5, 2020 Letter at 1. Your letter further asserts that "by making this offer, we have rendered your appeal moot, regardless if you accept it or not." *Id.* As explained below, that Plaintiffs will "consent" to permissive intervention does not provide any meaningful assurance that such intervention will occur, and Plaintiffs' offer would also place conditions on SCANA's participation in the litigation that would not exist should SCANA prevail on appeal. For similar reasons, your offer also does not render SCANA's appeal moot.

As you know, SCANA is seeking to intervene in this litigation as the nominal defendant (i.e. the corporate owner of a derivative claim) with the rights and privileges attendant to that status. The decision whether to allow a party to intervene rests within the discretion of the district court. *See Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003). Accordingly, even if Plaintiffs consent to SCANA's intervention in this action, SCANA will still need to move for intervention before the district court. While we believe that the district court's denial of SCANA's prior motion to intervene under Rule 24(a) was an abuse of discretion, intervention under any subsection of Rule 24 cannot be achieved by consent of the parties. SCANA's request, even if consented to, would still be subject to the district court's discretion. Particularly given the district court's ruling on SCANA's first motion to intervene, we do not have confidence that the court would grant a second motion, even if Plaintiffs consent to that motion. While we appreciate your willingness to consent, and we of course believe intervention is proper and required here, Plaintiffs' consent is not enough to provide the relief SCANA seeks.

This also means that your offer does not render SCANA's appeal moot. "A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief to the prevailing party." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). SCANA is appealing from the district court's ruling denying its motion to intervene. Even with Plaintiffs' offer, that ruling remains in place. And because intervention cannot be achieved by consent, Plaintiffs' offer does not guarantee that SCANA will be able to intervene. *See Wade v. Goldschmidt*, 673 F.2d 182, 184 n.3 (7th Cir. 1982) ("[C]onsent of a party does not entitle one to intervention as a matter of right, or to permissive intervention."); *see also Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 208 (1st Cir. 1998). Because only the court can grant the relief that SCANA seeks, Plaintiffs' offer to consent to SCANA's request for that relief does not moot SCANA's appeal. *See* 13B *Federal Practice and Procedure* § 3533.2 (3d ed.) ("[S]ettlement among the parties cannot moot matters controlled by the court rather than the parties.").

Plaintiffs' offer fails to moot SCANA's appeal for other reasons. To start, the offer would provide more limited relief than what SCANA seeks on appeal. You have offered to consent to permissive intervention only on the condition that SCANA "does not file any motions that duplicate any previous motions that Judge Seymour has already ruled upon." Nov. 5, 2020 Letter

November 16, 2020
Page 3

at 1. SCANA seeks to intervene without any limitations or conditions. Plaintiffs' limited, conditional offer to consent to a *different* form of intervention thus cannot moot SCANA's appeal. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011) (conditional offer of judgment did not moot claim).

Indeed, the case you cite in your letter, *West Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D. W. Va. 2001), demonstrates that your offer does not moot SCANA's appeal. The plaintiffs in that case had sued the United States Secretary of the Interior to compel an administrative enforcement action against West Virginia for its failure to maintain an adequate state bonding requirement for surface mining. After plaintiffs filed the lawsuit, the Secretary initiated the requested enforcement action and then argued the case was moot. The district court disagreed and held that the case was *not* moot. *Id*. at 680. The court explained that, despite the enforcement action, the plaintiffs' claimed injury—an inadequate state bonding program—remained, meaning the controversy remained live. *Id.* at 680. In other words, the case was not moot because the Secretary's action did not fully address the plaintiffs' claimed injury. So it is with Plaintiffs' conditional offer not to oppose a *different* form of intervention than what SCANA seeks on appeal.

Furthermore, the Supreme Court has made clear that an unaccepted offer does not moot a claim. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016). As noted above, SCANA will not accept Plaintiffs' proposal. This independently defeats any argument that SCANA's appeal has somehow become moot.

Relatedly, your assertion that SCANA lacks standing because it does not possess any derivative claim in this case is incorrect. As SCANA explained in its appellate brief, it remains a separate corporate entity even following the merger with Dominion, and the derivative claims in this case continue to belong to it. Judge Seymour did not reach a different conclusion in *In re SCANA Corp. Derivative Litig.*, No. CV 3:17-3166-MBS, 2019 WL 4162377, at *3 (D.S.C. Sept. 3, 2019), and that order certainly cannot establish that the claims have somehow vested in Dominion. While Dominion owns SCANA, Plaintiffs' claims remain against SCANA's former CEO and directors and seek discovery for alleged harm to SCANA, and thus constitute derivative claims belonging to SCANA.

Finally, we of course note the inconsistency in Plaintiffs' positions. In the district court, Plaintiffs argued SCANA "has no interest in this litigation that would permit intervention." Pls.' Opp. to SCANA's Mot. to Intervene (Doc. 120) at 1. But now, Plaintiffs are willing to consent to permissive intervention and thereby acknowledge that SCANA "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs are correct, even if belatedly so, and regardless of whether Plaintiffs' offer is accepted, Plaintiffs cannot credibly contend before the Fourth Circuit that SCANA lacks an interest sufficient to intervene.

November 16, 2020
Page 4

                                           Sincerely,

                                           Jonathan R. Chally

WORKAMER\99999\008613\37740510.v1-11/16/20