# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# (COLUMBIA DIVISION)

| | |
|---|---|
| *In re SCANA Corporation Public Shareholder Litigation* | Lead Case No. 3:18-CV-0505-MBS |

**DEFENDANTS GREGORY E. ALIFF, JAMES A. BENNETT, JOHN F.A.V. CECIL, SHARON A. DECKER, D. MAYBANK HAGOOD, LYNN M. MILLER, JAMES W. ROQUEMORE, MACEO K. SLOAN, AND ALFREDO TRUJILLO'S RESPONSE IN OPPOSITION TO LEAD PLAINTIFFS' MOTION TO ADD <u>KEVIN MARSH AND STEPHEN A. BYRNE AS DEFENDANTS IN THIS ACTION</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

BACKGROUND .............................................................................................................................. 2

I.   Marsh and Byrne have been at the center of the SCANA litigation for years. ................... 2

II.  Proceedings in this case. ..................................................................................................... 4

LEGAL STANDARD ...................................................................................................................... 5

ARGUMENT .................................................................................................................................. 6

I.   Lead Plaintiffs' request to add Marsh and Byrne violates the Scheduling
     Order, which there is no good cause to modify under Rule 16(b). ..................................... 6

II.  Even under Rule 21, Lead Plaintiffs' delay and the resulting
     prejudice bars their untimely request to add parties. .......................................................... 8

CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bruce v. Bank of Am., N.A.*,
   No. CV21903456BHHKDW, 2020 WL 7249876 (D.S.C. Oct. 22, 2020)........................ 5, 7-8

*Cintron v. Weissman*,
   No. 9:14-CV-0116 TJM/DEP, 2015 WL 5604954 (N.D.N.Y. Sept. 23, 2015)...................... 8-9

*Dilmar Oil Co. v. Federated Mutual Insurance Co.*,
   986 F. Supp. 959 (D.S.C. 1997)................................................................................................6

*Int'l Media Films, Inc. v. Lucas Ent., Inc.*,
   No. 07 CIV. 1178 JGK FM, 2008 WL 781823 (S.D.N.Y. Mar. 20, 2008) ...............................7

*Jama v. GCA Servs. Grp., Inc.*,
   No. C16-0331RSL, 2017 WL 7053970 (W.D. Wash. Oct. 27, 2017) .......................................9

*James v. Oregon Sandblasting & Coating, Inc.*,
   No. 3:15-CV-01706-HZ, 2016 WL 5402218 (D. Or. Sept. 25, 2016).................................. 6-7

*Johnson v. Baldwin*,
   69 S.E. 585 (S.C. 1952) ............................................................................................................4

*Jordan v. E.I. du Pont de Nemours*,
   867 F. Supp. 1238 (D.S.C. 1994)..........................................................................................5, 7

*Urena v. Nationwide Ins. Co. of Am.*,
   No. 2:13-CV-03544-DCN, 2017 WL 735583 (D.S.C. Feb. 24, 2017).................................5, 8

**Rules**

Fed. R. Civ. P.

   1....................................................................................................................................................9
   15(a) ........................................................................................................................................ 6-7
   16(b)............................................................................................................................. 1, 5-6, 7-9
   21.......................................................................................................................................... 1, 5-9
   26(f)..............................................................................................................................................4

**Other Authorities**

*In re SCANA Corp. Sec. Litig.*,
   No. 3:17-cv-2616, Doc. 72 (D.S.C. Mar. 30, 2018) .................................................................2

*United States v. Byrne*,
　　No. 3:20-cr-335, Doc. 1 (D.S.C. June 8, 2020) ................................................................3, 4, 8

*United States v. Marsh*,
　　No. 3:20-cr-727, Doc. 1 (D.S.C. Nov. 24, 2020).................................................................3, 8

**INTRODUCTION**

Since filing suit in early 2018, Lead Plaintiffs have chosen to omit former SCANA Corporation executives Kevin Marsh and Stephen Byrne as defendants in this lawsuit attacking the merger between SCANA Corporation and Dominion Energy, Inc. Lead Plaintiffs omitted Marsh and Byrne even though those executives were sued civilly in many cases related to the pursuit and abandonment of the V.C. Summer new nuclear project. In fact, in May 2019, Lead Plaintiffs' *own counsel* sued Marsh and Byrne in a materially identical merger lawsuit pending in state court. But now Lead Plaintiffs acknowledge that Marsh and Byrne committed "fraud upon the Board" and "deceived the Board." (Doc. 162-1 at 9.[1]) That much-delayed recognition confirms what SCANA's Outside Directors have said from the beginning of this lawsuit: they fully complied with their fiduciary duties to SCANA shareholders. Since Lead Plaintiffs will not be able to prove the Outside Directors' liability, they seek now—only *after* dispositive motions, a motion to intervene, full briefing on class certification, nearly a year of discovery, and the passage of the deadline to add parties and amend pleadings under this Court's Scheduling Order (Doc. 134 at 2)—to add Marsh and Byrne as Defendants. This late breaking maneuver, which comes nearly four years after the nuclear project was abandoned, should not be permitted.

First, Lead Plaintiffs failed to seek amendment of the August 31, 2020 Scheduling Order, which fixed the deadline for adding new parties at November 13, 2020. Nor have they shown any good cause for modifying that schedule, as required by Rule 16(b). Second, Lead Plaintiffs do not meet the requirements for adding parties under Federal Rule of Civil Procedure 21 due to their unexplained delay and the resulting prejudice caused by adding two defendants at this late date.

---

[1] References to page numbers in ECF filings correspond to the number indicated in the upper right-hand corner of the ECF stamp.

## BACKGROUND

**I.     Marsh and Byrne have been at the center of the SCANA litigation for years.**

On March 30, 2018, lead plaintiffs West Virginia Investment Management Board, Stichting Blue Sky Global Equity Active Low Volatility Fund and Stichting Blue Sky Active Large Cap Equity USA Fund filed in this Court a Consolidated Class Action Complaint for Violations of the Federal Securities Laws, naming Marsh and Byrne as Defendants (among others).  (*See In re SCANA Corp. Sec. Litig.*, No. 3:17-cv-2616, Doc. 72 (D.S.C. Mar. 30, 2018).)  As this Court knows, the allegations of fraud in connection with the NND project against Marsh and Byrne were lengthy.  (*See id.* ¶¶ 22, 25, 120, 122, 136, 150-160, 163, 171, 178, 337.)  In 2020, the parties obtained approval of settlement in this case.  Almost all of the filings there have been, and remain, public.

On May 6, 2019, counsel for Lead Plaintiff Metzler named Marsh and Byrne in a lawsuit filed in South Carolina state court containing nearly identical allegations as those here.  (*See KBC v. Marsh, et al.*, No. 2019 CP 4002522 (S.C. Ct. Common Pleas May 6, 2019), Complaint attached as Exhibit 1.)  With respect to Metzler's counsel's knowledge of Marsh and Byrne's conduct as of May 2019, the allegations in KBC speak for themselves.  (*See id.* ¶¶ 20 ("It is clear from the May 6, 2014 Letter that SCANA and [Marsh and Byrne, among others] were exceedingly aware of the mounting issues with the Nuclear Project"), 33 (alleging SCANA executive involvement in negotiating terms of Merger), 35 (alleging that Marsh and Byrne "benefited immensely from the Merger"), 104 ("Not to be outdone by Marsh's fabrications, Byrne held a conference call with analysts and investors on April 28, 2016, during which he stated that construction crews were doing a 'tremendous job' and that a key component of the reactor was going to be 'better than we expected.'").)  This case remains pending in South Carolina state court.

On October 15, 2019, Lead Plaintiffs here filed the Consolidated Amended Class Action Complaint ("Complaint") (Doc. 75). Although the Complaint contains factual allegations suggesting Marsh and Byrne's responsibility for "inseparable fraud" and the allegedly unfair Merger (*id.* ¶¶ 62, 75, 76 (quoting verbatim counsel's allegations in *KBC* paragraph 104 ("Not to be outdone by Marsh's fabrications…")), 108 ("Marsh and Byrne also appear to have escaped liability for their part in the Nuclear Project's ultimate failure"), 114 (explaining Marsh's role in merger negotiations)), Lead Plaintiffs named neither individual as a Defendant.

On June 8 and November 24, 2020, the United States filed an Information against Byrne and Marsh, respectively, setting out in detail the conduct that eventually led to both former SCANA executives pleading guilty to federal mail and wire fraud in connection with the nuclear project. (*See United States v. Byrne*, No. 3:20-cr-335, Doc. 1 (D.S.C. June 8, 2020); *United States v. Marsh*, No. 3:20-cr-727, Doc. 1 (D.S.C. Nov. 24, 2020).) The United States asserted that "[t]hrough intentional and material misrepresentations and omissions, the defendant[s Marsh and Byrne] deceived regulators and customers in order to maintain financing for the Project and to financially benefit SCANA." (*Id.* at 1.) It was publicly known months ago that Marsh and Byrne were alleged to have made "materially false and misleading statements and did omit material information in an effort to continue the Nuclear Project, minimize regulatory risk, and avoid legislative oversight through statements to the PSC, the ORS, the South Carolina State Government, the media, and to SCANA's customers." (*Byrne* Doc. 1 at 6-7; *Marsh* Doc. 1 at 7.) Marsh further withheld from South Carolina's regulatory staff information given to him by Westinghouse and its parent, Toshiba, about costs that would cripple the Project. (*Marsh* Doc. 1 at 10.) For his part, the United States alleged Byrne submitted written testimony in June 2016 that the then-current construction schedule was a "reasonable and prudent schedule for completing the

3

Project," all while knowing that those completion dates were not feasible. (*Byrne* Doc. 1 at 10.) Marsh and Byrne have since pled guilty to the charges against them.

## II.     Proceedings in this case.

On November 14, 2019, Defendants filed their Motion to Dismiss. (Doc. 81.) Defendants argued in part that Lead Plaintiffs' inseparable fraud allegations amount to true *derivative*—not direct—claims. (Doc. 81-1 at 43; Doc. 99 at 6-9.) Specifically, Defendants explained that the Complaint literally described the inseparable fraud claim as derivative: in a section header on page 28, Warren and Metzler allege that "*The Derivative Claims Set Forth Defendants' Inseparable Fraud.*" (Compl. 28 (emphasis added).) Key to Lead Plaintiffs' inseparable fraud theory of liability was the allegation that "SCANA's executives failed to manage the Nuclear Project and actively concealed its shortcomings." (*Id.* ¶ 101.) Defendants pointed out that allegations of mismanagement are classic derivative claims. (Doc. 99 at 8 (citing *Johnson v. Baldwin*, 69 S.E. 585, 588 (S.C. 1952)).) After this Court denied Defendants' Motion to Dismiss, SCANA moved to intervene and put forward similar arguments. (*See* Doc. 117.) This Court denied the motion to intervene on August 28, 2020. (Doc. 133.)[2]

On August 25, 2020, the parties filed a joint Rule 26(f) Report and included a proposed scheduling order, fixing deadlines for (among other things) party joinder and amendment of the complaint. (Doc. 129; Doc. 129-1.) On August 31, 2020, this Court entered an order largely identical to the parties' proposed schedule, setting a November 13, 2020 deadline for "motions to

---

[2]     Defendants renew their argument that any inseparable fraud claim, including the purported inseparable fraud claims against Marsh and Byrne, constitutes a derivative, not direct, claim. (Doc. 83-1; Doc. 99.) Lead Plaintiffs argue that "SCANA's executives failed to manage the Nuclear Project and actively concealed its shortcomings." (Compl. ¶ 101.) Yet mismanagement is a derivative claim under South Carolina law. *Johnson*, 69 S.E. at 588. In other words, adding Marsh and Byrne would make even more clear that the right to relief here belongs to *SCANA*, not former shareholders.

4

join other parties." (Doc. 134 at 2.) It also set a March 12, 2021 deadline for motions to amend pleadings. (*Id.*) Similarly, the parties were ordered to substantially complete document production by December 15, 2020.

Lead Plaintiffs moved for Class Certification on November 13, 2020. (Doc. 144, 144-1.) The motion did not mention a possible claim against Marsh or Byrne, and because they are not parties, they have not been heard on the issue of class certification. This Court heard argument on February 22, 2021, and a decision on certification remains pending.

## LEGAL STANDARD

Federal Rule 16(b) governs Lead Plaintiffs' untimely request to add Marsh and Byrne as defendants. Rule 16(b) states that a scheduling order "may be modified only for good cause and with the judge's consent." "Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation. The Rule assures the court and the parties that 'at some point both the parties and the pleadings will be fixed.'" *Bruce v. Bank of Am., N.A.*, No. CV21903456BHHKDW, 2020 WL 7249876, at *1 (D.S.C. Oct. 22, 2020) (quoting *Jordan v. E.I. du Pont de Nemours,* 867 F. Supp. 1238, 1250 (D.S.C. 1994)), *report and recommendation adopted*, No. CV 2:19-3456-BHH, 2020 WL 6737647 (D.S.C. Nov. 17, 2020)*, appeal dismissed*, 841 F. App'x 578 (4th Cir. 2021).

Even under Rule 21 (which Plaintiffs wrongly contend is the only hurdle they must clear in requesting to add Marsh and Byrne), courts consider basic principles such as fundamental fairness and judicial economy, and whether an order under Federal Rule of Civil Procedure 21 would prejudice any party or would result in undue delay. *Urena v. Nationwide Ins. Co. of Am.*, No. 2:13-CV-03544-DCN, 2017 WL 735583, at *5 (D.S.C. Feb. 24, 2017), *amended*, No. 2:13-CV-3544 DCN, 2017 WL 3142517 (D.S.C. June 16, 2017).

5

## **ARGUMENT**

Lead Plaintiffs' belated attempt to add Marsh and Byrne is improper for two reasons. First, Lead Plaintiffs had to seek modification of the Scheduling Order under Rule 16(b), because they are out of time both to amend the Complaint and to add parties. Lead Plaintiffs did not do so. Flouting this Court's Scheduling Order and Rule 16 prevents them from showing the "good cause" necessary to modify the Scheduling Order. Indeed, they offer little to no argument on good cause in their Motion and related papers, making denial appropriate on this ground alone.

Second, even if Lead Plaintiffs' untimely Motion were subject to Rule 21 only, they have failed to justify their delay or to excuse the resulting prejudice. For these reasons, this Court should deny the Motion.

**I.     Lead Plaintiffs' request to add Marsh and Byrne violates the Scheduling Order, which there is no good cause to modify under Rule 16(b).**

Lead Plaintiffs have not sought modification of the time to add parties or amend their pleadings. The deadline to join parties to this case passed over half a year ago, on November 13, 2020, and the deadline to amend pleadings came and went on March 21, 2021. (Doc. 134 at 2.) Lead Plaintiffs' decision to ignore those lapsed deadlines is reason enough to deny their Motion.[3] *See Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959 (D.S.C. 1997) (denying motion to join additional parties in part because plaintiff, like here, "does not even acknowledge that this court's Rule 16(b) Scheduling Order required joinder by June 12, 1996," where request to add parties was made five months after deadline); *see also James v. Oregon Sandblasting &*

---

[3] Plaintiffs try to impeach the recent, on-point *Bruce* by questioning its provenance. But *Bruce* relies on this Court's own precedent, *Dilmar Oil Co. v. Federated Mutual Insurance Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). *Dilmar* squarely held that when a plaintiff moves out of time to join a party, a Rule 16(b) analysis must precede joinder analysis (in that case, under Rule 15(a)). As explained *infra*, this "two-step" review applies equally in instances where a plaintiff seeks to add a party under Rule 21.

6

*Coating, Inc.*, No. 3:15-CV-01706-HZ, 2016 WL 5402218, at *2 (D. Or. Sept. 25, 2016) ("Plaintiff does not request that the Court modify its scheduling order. Instead, he merely moves to amend his complaint. Accordingly, he fails to show "'good cause.'"). Indeed, Rule 16(b)(4) *requires* this Court's consent to modify the Scheduling Order. Only upon accomplishing this first step may an otherwise out-of-time plaintiff proceed to amend a pleading or add a defendant. *Bruce*, 2020 WL 7249876, at *1.

Lead Plaintiffs try to carve an exception to this rule for a party seeking relief under Rule 21. (Doc. 162-1 at 3 n.2 (citing *Bruce*, 2020 WL 7249876, at *1).) But that argument would undermine this Court's ability to manage the progress of this case. *See Jordan*, 867 F. Supp. at 1250 ("[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). Logically enough, then, multiple other federal courts have held that otherwise out-of-time Rule 21 motions must first meet Rule 16(b)'s "good cause" requirement. *See Int'l Media Films, Inc. v. Lucas Ent., Inc.*, No. 07 CIV. 1178 JGK FM, 2008 WL 781823, at *3 (S.D.N.Y. Mar. 20, 2008) ("Therefore, just as with a Rule 15(a) motion to add a claim, if a Rule 21 motion to add a party after the scheduling deadline did not have to meet the good cause requirement of Rule 16(b), the scheduling order would be rendered meaningless. For this reason, numerous courts have held that Rule 16(b) is applicable to a motion to add a party" and citing cases).

Plaintiffs fail to show good cause for their delay, as required by Rule 16(b). Allegations of Marsh and Byrne's wrongful conduct were in public view no later than March 30, 2018, when plaintiffs filed the complaint in *In re SCANA Corp. Securities Litigation*. Lead Plaintiff Metzler's counsel here *knew* of Marsh and Byrne's role in the NND Project and Merger, because the *KBC* lawsuit asserted several claims against the two stemming from their involvement in these events

7

in May 2019.  (*See* Ex. 1 ¶¶ 20, 33, 35, 104.)  And nearly a year ago criminal charges against Byrne were made public, with charges against Marsh following shortly thereafter.  (*See Marsh* Doc. 1; *Byrne* Doc. 1.)

At no point during these events did Lead Plaintiffs move to add Marsh and Byrne.  When considering similar delays after being made aware of the role a potential defendant may play in a case, courts have refused to find good cause sufficient to modify a scheduling order.  *See Cintron v. Weissman*, No. 9:14-CV-0116 TJM/DEP, 2015 WL 5604954, at *6 (N.D.N.Y. Sept. 23, 2015) (no good cause where plaintiff knew of would-be defendant's role for nine months).  This makes sense because Rule 16(b) "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."  *Bruce*, 2020 WL 7249876, at *1.  Lead Plaintiffs exercised a complete lack of diligence here.  This Court should not reward them for doing so.

**II.     Even under Rule 21, Lead Plaintiffs' delay and the resulting prejudice bars their untimely request to add parties.**

Although Lead Plaintiffs must (but cannot) satisfy Rule 16(b) for the reasons above, their Motion should also be denied under Rule 21.  This Court explained in *Urena* that when evaluating a Rule 21 motion to add new parties, "courts ordinarily consider . . . whether an order . . . would prejudice any party or would result in undue delay."  2017 WL 735583, at *5.  Adding Marsh and Byrne would certainly prejudice Marsh, Byrne, and Defendants, and it would also result in delay.

Marsh and Byrne have *not* had a full and fair opportunity to defend this case or obtain discovery from Lead Plaintiffs, because they have *not been parties to this case*.  They have not participated in any of the four depositions to date, including depositions of both Lead Plaintiffs.  And they did not have an opportunity to argue against class certification.  Adding Marsh and Byrne to this case now would effectively require a restart of fact discovery, delaying this case by many,

8

many months. Indeed, by the time this motion is adjudicated, there will likely be less than two months left of a year-long fact discovery period (a period that has already been extended once). Expert discovery is set to begin in September 2021. There is no way Marsh and Byrne will be prepared to meet that deadline.

Such a late stage restart would prejudice the other parties too. Here, the parties substantially completed document production on December 15, 2020. But adding new parties would create the need to duplicate depositions and document production efforts. *See Jama v. GCA Servs. Grp., Inc.*, No. C16-0331RSL, 2017 WL 7053970, at *2 (W.D. Wash. Oct. 27, 2017) (denying motion to amend complaint where proposed new defendant had no "opportunity to defend the class certification motion"); *Cintron*, 2015 WL 5604954, at *6 (denying request to add party after deadline for joinder and explaining that adding defendant "would require discovery to be reopened and would work unfair prejudice on the defendants").

The parties to this litigation have been litigating this case since early 2018 and they have a right to "the just, speedy, and inexpensive determination of [this] proceeding." Fed. R. Civ. P. 1. Adding Marsh and Byrne now would require a significant extension of this litigation. In light of the substantial prejudice caused by Lead Plaintiffs seeking to do now what they could and should have done more than three years ago, they have not met their burden to show why they are entitled to relief under Rule 21, and certainly not under Rule 16(b).

## CONCLUSION

For these reasons, this Court should deny Lead Plaintiffs' Motion.

Respectfully submitted this 19th day of May, 2021.

                                                        *s/ Andrew A. Mathias*
                                                    Andrew A. Mathias
                                                    William W. Wilkins
                                                    Nexsen Pruet, LLC

55 E. Camperdown Way
Suite 400
P.O. Box 10648
Greenville, South Carolina 29603-0648
Tel: 864-370-2211
Fax: 864.282.1177
amathias@nexsenpruet.com
bwilkins@nexsenpruet.com

IS Leevy Johnson
George Craig Johnson
Johnson Toal and Battiste
P.O. Box 1431
Columbia, South Carolina 29202
Tel: 803-252-9700
Fax: 803-252-9102
islj@jtbpa.com
george@jtbpa.com

Brian E. Pumphrey (*pro hac vice*)
Brian D. Schmalzbach (*pro hac vice*)
Garrett H. Hooe (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel: 804-775-7745
Fax: 804-698-2018
bpumphrey@mcguirewoods.com
bschmalzbach@mcguirewoods.com
ghooe@mcguirewoods.com

C. Scott Greene (*pro hac vice*)
Michael P. Carey (*pro hac vice*)
John Bielema (*pro hac vice*)
Bryan Cave Leighton Paisner LLP
1201 W Peachtree Street NW
14th Floor
Atlanta, GA 30309
Tel: 404-572-6600
Fax: 404-572-6999
scott.greene@bclplaw.com
michael.carey@bclplaw.com

Barbara A. Smith (*pro hac vice*)
Bryan Cave Leighton Paisner LLP

10

211 N Broadway
Suite 3600
St Louis, MO 63102
Tel: 314-259-2367
Fax: 314-259-2020
barbara.smith@bclplaw.com

*Counsel for Defendants Gregory E. Aliff, James A. Bennett, John F.A.V. Cecil, Sharon A. Decker, D. Maybank Hagood, Lynne M. Miller, James W. Roquemore, Maceo K. Sloan and Alfredo Trujillo*

11