# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| In re SCANA CORPORATION PUBLIC SHAREHOLDER LITIGATION )<br>)<br>)<br>)<br>This Document Relates to: )<br>)<br>ALL ACTIONS )<br>)<br>) | Civil Action No. 3:18-cv-00505-MBS<br><br>**SCANA CORPORATION'S NOTICE REGARDING PLAINTIFFS' MOTION TO ADD KEVIN MARSH AND STEPHEN A. BYRNE AS DEFENDANTS** |

SCANA Corporation ("SCANA") has sought to intervene in this case for the purpose of preserving its interest in claims against former SCANA directors. *See* Dkt. 117. Despite Plaintiffs periodically, and somewhat half-heartedly, claiming otherwise, the claims in this case are for alleged mismanagement suffered equally by all former SCANA shareholders. *E.g.*, Compl. (Dkt. 75) at 28 (acknowledging the significance of the "Derivative Claims" to Plaintiffs' theory). Those claims are derivative in nature, and, as such, they are owned by SCANA. *Johnson v. Baldwin*, 69 S.E.2d 585, 588 (S.C. 1952) ("The liability of directors for loss to a corporation due to their mismanagement is an asset of the corporation and any recovery on such a cause of action belongs solely to the corporation."). SCANA is entitled to any proceeds associated with those claims, and it is entitled to control those claims.

The Court denied SCANA's motion to intervene on August 28, 2020. *See* Dkt. 133. SCANA has appealed this decision. *See* Dkt. 135. The appeal is fully briefed and ripe for resolution.

Discovery and litigation related to class certification have proceeded in this case without SCANA's involvement as a party. To be sure, these proceedings frustrate

SCANA's interests in the claims asserted in the operative complaint. Nevertheless, in recognition of the Court's order, and considering the pending appeal, SCANA has not sought an additional opportunity to participate in these proceedings. Plaintiffs' motion to add Messrs, Marsh and Byrne as defendants in this case (Dkt. 162, the "motion") compels a different response.

Plaintiffs' motion again makes plain what SCANA has consistently argued in this case: Plaintiffs' claims depend on their contention that certain executives, and ultimately the SCANA Board of Directors, failed to appropriately manage SCANA's rights to oversee the construction of two new nuclear units at the V.C. Summer Nuclear Station (the "Project"). The merger between SCANA and Dominion Energy, Inc. ("Dominion") is no more than an afterthought to the story Plaintiffs believe supports their inseparable fraud claims, and it is surely not enough to avoid these claims proceeding derivatively. *See Johnson*, 69 S.E.2d at 588 (all mismanagement claims belong to the corporation under South Carolina law); *see also In re Massey Energy Co. Derivative & Class Action Litig.*, 160 A.3d 484, 501-02 (Del. Ch. 2017) (applying Delaware law; allowing mismanagement claims related to a merger to proceed directly only if the pre-merger misconduct constitutes a direct claim).

Plaintiffs' motion emphasizes the alleged mismanagement activities, particularly those that have no connection to a Dominion merger. Plaintiffs contend that the alleged wrongdoing of Marsh and Byrne originates as far back as the 2008 inception of the Project, many years before there was any meaningful consideration for a sales transaction. *See* Dkt. 162-1, p. 3. And they contend that this mismanagement continued for some time, including through the unfortunate, and persistent, schedule delays and

2

cost overruns associated with the Project, the 2015 involvement of Bechtel Corporation in analyzing certain aspects of the Project, the 2017 bankruptcy of the Project's contractor, Westinghouse Electric Corporation, the related abandonment of Project construction, and the immediate public and political backlash that followed announcement of abandonment. *See id.*, pp. 3-5. Just like the inception of the Project, all of that activity occurred without any connection to a potential sale transaction.

When discussing the discovery conducted to date in this case, Plaintiffs similarly focus on activity that would support only SCANA's claim against Marsh and Byrne (not a direct shareholder claim). Plaintiffs cite director depositions, claiming they confirm "that Marsh and Byrne . . . withheld material information from the Board concerning Westinghouse's and Toshiba's financial issues . . . ." *Id.*, p. 6. Putting aside whether this is an accurate description of the discovery conducted to date, that Plaintiffs believe the discovery supports a claim that these executives failed to inform SCANA directors of material information—not SCANA shareholders—only supports SCANA's contention that these claims are SCANA's to control and pursue.

Plaintiffs relatedly tout the recent decisions by Marsh and Byrne to plead guilty to crimes associated with their mismanagement of the Project. *Id.*, pp. 5-6. The admissions of guilt have nothing to do with the Dominion merger; neither information statement mentions the Dominion merger, and both are limited to the role Marsh and Byrne played in overseeing the Project and disclosing the status of the Project to shareholders and regulators. *Id.*; *see also* Motion, Exs. J and I.

It should come as no surprise that the evidence Plaintiffs cite to support their motion to add Messrs, Marsh and Byrne to this case has no direct connection to the

3

Dominion merger. Marsh and Byrne both announced their retirement from SCANA on October 31, 2017, and they both formally retired as of January 1, 2018. The merger that Plaintiffs claim justifies this case proceeding directly against the director defendants was announced later, on January 2, 2018, and closed much later, on January 2, 2019. Marsh and Byrne had no role in approving the merger, and while Plaintiffs contend that Marsh took certain steps to pursue discussions with Dominion, Plaintiffs do not contend Byrne had anything to do with evaluation of a sales transaction, and they offer no suggestion that either Marsh or Byrne had any role in any of the SCANA Board's evaluation that led to the merger.

Pursuit of plainly derivative claims is what justifies SCANA's intervention in this case. The claims Plaintiffs are pursuing are more than enough to grant SCANA's motion to intervene and allow it to control these claims. But the claims Plaintiffs now seek to pursue against Marsh and Byrne are an even greater area of concern. It is critical that SCANA be able to control these officer claims. As Plaintiffs note, these former officers—the former CEO and COO of SCANA—have pled guilty to crimes associated with their role in managing the rights and responsibilities SCANA had to oversee construction of the Project. They have admitted to withholding information from SCANA shareholders and regulators. Plaintiffs seek to litigate these mismanagement claims without SCANA's involvement or participation. That risks not only an adverse result on those claims, to SCANA's detriment, but even if Plaintiffs are successful, pursuit of these claims without SCANA's involvement may eliminate SCANA's ability to recover on these claims. These claims are critical to SCANA, and in correspondence with counsel for Marsh and Byrne, SCANA has already indicated an intent to pursue claims against them.

This notice is intended to inform the Court and counsel of SCANA's concerns with respect to Plaintiffs' motion. SCANA opposes Plaintiffs' pursuit of claims against Marsh and Byrne for the reasons summarized above. The motion should be denied, such that SCANA retains the ability to control and pursue, as appropriate, any claims against Marsh and Byrne regarding their alleged mismanagement of the Project. In the event this motion is granted, SCANA will have additional grounds to intervene in this case and/or supplement the record on appeal to bolster SCANA's position that the claims alleged in this case belong to SCANA.

                 Respectfully submitted,

                 *s/ Steven J. Pugh*
                 Steven J. Pugh (Fed. ID No. 7033)
                 Benjamin P. Carlton (Fed ID No. 11797)
                 Richardson, Plowden & Robinson, P.A.
                 Post Office Drawer 7788
                 Columbia, South Carolina 29202
                 (803) 771-4400
                 spugh@richardsonplowden.com
                 bcarlton@richardsonplowden.com

                 Jonathan R. Chally (admitted *pro hac vice*)
                 Councill, Gunnemann & Chally, LLC
                 1201 Peachtree Street NE, Bldg 400, Suite 100
                 Atlanta, Georgia 30361
                 (404) 407-5250
                 jchally@cgc-law.com

                 Benjamin B. Watson (admitted *pro hac vice*)
                 King & Spalding LLP
                 1180 Peachtree Street NE
                 Atlanta, Georgia 30309
                 (404) 572-4600
                 bwatson@kslaw.com

                 *Attorneys for Nominal Defendant-Intervenor*
                 *SCANA Corporation*

May 19, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of May, 2021, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all attorneys of record.

*s/ Steven J. Pugh*
Steven J. Pugh (Fed. ID No. 7033)
Richardson, Plowden & Robinson, P.A.
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
spugh@richardsonplowden.com

6